IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY A. HAND, | No. C 11-06410 EJD (PR) |
| Petitioner, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| GARY SWARTHOUT, Warden, | |
| Respondent. | |

Petitioner, a state prisoner incarcerated at the California State Prison-Solano has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction.[1]  Petitioner has been granted leave to proceed in forma pauperis.  (See Docket No. 12.)

**BACKGROUND**

According to the petition, Petitioner pleaded nolo contendere in Alameda County Superior Court to second degree robbery and a prior conviction.  Petitioner

---

[1] This matter was dismissed on February 22, 2012, for failure to pay the filing fee. (See Docket No. 4.)  The case was reopened on October 9, 2012, after the Court granted Petitioner's motion for reconsideration.  (See Docket No. 12.)

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.EJD\HC.11\06410Hand_dwlta.wpd

was sentenced to fifteen years in state prison. (Pet. at 2.)

Petitioner appealed the conviction without success. (Id. at 3.) Petitioner filed the instant federal habeas petition on December 19, 2011.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner claims the following grounds for federal habeas relief: (1) the "people" violated his rights when they insisted that he admit to a prior conviction in order to accept the offered plea agreement; and (2) the trial court erred when it imposed 5 years under Penal Code § 667.5(b), which is only a 1-year enhancement.

Petitioner's first claim does not state a colorable claim. He claims that the people's action violated his "U.S.C.A.6th." (Pet. at 7.) However, this vague reference to the Sixth Amendment is insufficient to state a claim. Furthermore, the only challenges left open in federal habeas corpus after a guilty plea[2] is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973). A defendant who pleads guilty upon the advice of counsel may only attack

---

[2] Under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea.'" United States v. Anderson, 625 F.3d 1219, 1220 (9th Cir. 2010) (quoting People v. Whitfield, 54 Cal. Rptr. 2d 370, 377 (Cal. Ct. App. 1996)).

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.EJD\HC.11\06410Hand_dwlta.wpd         2

the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Id.; Lambert v. Blodgett, 393 F.3d 943, 979 (9th Cir. 2004); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988). Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND, to attempt to allege with more specificity how the plea agreement violated his rights under the Sixth Amendment.

Petitioner's second claim is also not cognizable. "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); see, e.g., Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with deadly weapon qualifies as "serious felony" under California's sentence enhancement provisions, Cal. Penal Code §§ 667(a) and 1192.7(c)(23), is question of state sentencing law and does not state constitutional claim). This claim is also DISMISSED WITH LEAVE TO AMEND for Petitioner to attempt to show "fundamental unfairness" in the state court's alleged misapplication of state law.

## CONCLUSION

For the foregoing reasons,

1. The petition is DISMISSED with leave to amend. Petitioner must, within **twenty-eight (28) days** of the date this order is filed, file an amended petition challenging the lawfulness of the state conviction for which he is currently incarcerated. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The amended petition must include the caption and civil case number used in this order, No. C 11-06410 EJD (PR), and must include the words **AMENDED PETITION** on the first page.

///

///

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.EJD\HC.11\06410Hand_dwlta.wpd            3

1  **Failure to file a timely response in accordance with this order will result**
2  **in the dismissal of this action without prejudice and without further notice to**
3  **Petitioner.**
4  DATED: 4/11/2013

   EDWARD J. DAVILA
5  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICKY A HAND,

        Petitioner,

v.

GARY SWARTHOUT, Warden,

        Respondent.
        /

Case Number: CV11-06410 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/11/2103, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ricky A. Hand G-07185
CSP Solano State Prison
P. O. Box 4000
Vacaville, CA 95696

Dated: 4/11/2013

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk