UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKY A. HAND,

    Petitioner,

    v.

GARY SWARTHOUT,

    Respondent.

Case No.  11-6410 WHO (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Ricky Hand seeks federal habeas relief from his state convictions. The amended petition for such relief (Docket No. 14) is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall file an answer or dispositive motion in response to the amended petition on or before Hgdtwct{"47, 2014, unless an extension is granted.

## BACKGROUND

According to the petition, in 2008, in the Alameda County Superior Court, Hand pleaded nolo contendere to a charge of second degree robbery, and admitted to a prior conviction. He received a sentence of 15 years in state prison.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Hand alleges that (1) the trial court violated his right to due process and his plea agreement by imposing an illegal sentence; and (2) defense counsel rendered ineffective assistance. When liberally construed, these claims are cognizable on federal habeas review.

**CONCLUSION**

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within ninety (90) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

1  4. In lieu of an answer, respondent may file, within ninety (90) days of the date this
2 order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
3 Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent
4 files such a motion, petitioner shall file with the Court and serve on respondent an
5 opposition or statement of non-opposition within thirty (30) days of the date the motion is
6 filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen
7 (15) days of the date any opposition is filed.
8  5. Petitioner is reminded that all communications with the Court must be served on
9 respondent by mailing a true copy of the document to respondent's counsel.
10  6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
11 Court and respondent informed of any change of address and must comply with the
12 Court's orders in a timely fashion. Failure to do so may result in the dismissal of this
13 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
14  7. Upon a showing of good cause, requests for a reasonable extension of time will
15 be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

**Dated:** Pqxgo dgt'8, 2013



WILLIAM H. ORRICK
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICKY A HAND,

        Plaintiff,

  v.

GARY SWARTHOUT et al,

        Defendant.

Case Number: CV11-06410 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 6, 2013, I SERVED true and correct copies of the attached, by placing said copies in postage paid envelopes addressed to the persons hereinafter listed, by depositing said envelopes in the U.S. Mail.

Ricky A. Hand G-07185　　　　　　　　　　(via first class mail)
CSP Solano State Prison
P. O. Box 4000
Vacaville, CA 95696

State Attorney General's Office　　　　　　(via certified mail - 7012 3050 0001 7210 1567)
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

Dated: November 6, 2013

                                   Richard W. Wieking, Clerk
                                   By: Jean Davis, Deputy Clerk