UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY A. HAND,<br><br>        Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>        Respondent. | Case No. 11-cv-06410-WHO (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS;**<br><br>**DIRECTIONS TO PETITIONER** |

## INTRODUCTION

Petitioner Ricky Hand seeks federal habeas relief from his state convictions because (1) the trial court violated his right to due process and his plea agreement by imposing an illegal sentence; and (2) defense counsel rendered ineffective assistance. Respondent moves to dismiss the second claim because it is unexhausted. Dkt. No. 28. Respondent is correct, and for the reasons stated below, the motion is GRANTED. Hand is directed to file a response to this order on or before September 8, 2014.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting

the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). A federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." See 28 U.S.C. § 2254(b)(1)(A)–(B). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Lundy*, 455 U.S. at 510.

Hand raises two cognizable claims in his petition. But, as Respondent argues, Hand's petition is mixed with one unexhausted claim and one exhausted claim. A review of the record shows that Hand's claim that defense counsel rendered ineffective assistance was not presented to the California Supreme Court. (Resp't's Mot. to Dismiss, Ex. 1.) Since it has not been exhausted, the claim that Hand's defense counsel rendered ineffective assistance is DISMISSED without prejudice.

Hand now has three choices. He can opt to (1) dismiss the petition and return to state court to exhaust the unexhausted claim; (2) proceed with the exhausted claims only; or (3) move to stay the petition, exhaust the unexhausted claims and then move to amend the stayed petition to add it. *See Ford v. Hubbard*, 305 F.3d 875, 882–86 (9th Cir. 2002). On or before September 8, 2014, Hand must inform the Court of his choice in writing. Failure to inform the Court by this date will result in dismissal of the action without further notice to Hand.

If he chooses option (1), to dismiss this case and return later with a completely exhausted petition, the new petition may be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). Hand is reminded that the time a federal petition, such as this one, is pending is not excluded from the one-year limit. *Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001).

Hand is warned that if he chooses option (2), to proceed now with his exhausted

claims only, a subsequent petition directed to the same conviction (for instance, attempting to raise the now-unexhausted claim) may be barred as second or successive or abusive. *See* 28 U.S.C. § 2244(b)(1). He also would have to obtain permission from the Ninth Circuit Court of Appeals in order to file such a second petition. *See* 28 U.S.C. § 2244(b)(3)(A).

If he chooses option (3), he must act diligently to file in the California Supreme Court and to obtain a decision from the California Supreme Court on his unexhausted claim. Hand would also be required to notify this Court within thirty days of the California Supreme Court's final decision on his unexhausted claims. In order to qualify for a stay, he must also show good cause for why this claim was not previously exhausted and that it is "potentially meritorious" under *Rhines v. Webber*, 544 U.S. 269 (2005).

This order terminates Docket No. 28.

**IT IS SO ORDERED.**

**Dated:** August 4, 2014



WILLIAM H. ORRICK
United States District Judge