UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY A. HAND,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | Case No. 11-cv-06410-WHO (PR)<br><br>**ORDER REOPENING ACTION AND DISSOLVING THE STAY;**<br><br>**ORDER SETTING BRIEFING SCHEDULE**<br><br>Dkt. Nos. 42 and 43 |

## INTRODUCTION

This federal habeas corpus action was stayed so that petitioner Ricky Hand could exhaust a claim in the state courts. (Docket No. 36.) Hand now moves for the third time to reopen the action (Docket Nos. 42 and 43) on grounds that exhaustion is excused because the state supreme court has "waived jurisdiction." While this argument is unavailing, his motion raises questions about the issue of exhaustion in this case. Accordingly, his motion to reopen is GRANTED and the stay is DISSOLVED so that the Court can be briefed on the matter. To that end, respondent is directed to file a response to this order on or before March 14, 2016.

## DISCUSSION

According to the petition, in 2008, in the Alameda County Superior Court, Hand pleaded nolo contendere to a charge of second degree robbery and admitted to a prior

1  conviction. He received a sentence of 15 years in state prison. Hand did not appeal. His
2  state habeas petitions, all filed in 2011, were denied by the state superior, appellate, and
3  supreme courts in March, April, and October of that year.

4  He filed the instant federal habeas action in December 2011. The Court issued an
5  Order to Show Cause to respondent, who filed a motion to dismiss on grounds that Hand
6  failed to exhaust a claim. The motion was granted and the action was stayed in September
7  2014 so that Hand could exhaust his claim.

8  In November 2014, following the stay of the instant action, Hand filed a petition
9  with the state supreme court, which interpreted the filing as a request to review the state
10 appellate court's 2011 decision. (Mot. to Reopen ("MTR"), Dkt. No. 43, at 19.) The
11 court, citing loss of appellate jurisdiction because of the lapse of time, returned the petition
12 to him "unfiled," and suggested that Hand file a petition for writ of habeas corpus, which
13 he did in December. (*Id.*) On December 17th, the state supreme court returned this
14 petition as "unfiled" because it lacked "an original signature." (*Id.* at 31.) Hand was
15 advised to sign the petition and refile it, which he did. (*Id.*) On December 26th, the state
16 supreme court again returned "unfiled" his (now signed) petition, again citing lack of
17 appellate jurisdiction. (*Id.* at 32.)

18 Hand contends that the December 26th letter indicates that the state supreme court
19 has waived jurisdiction. This argument is mistaken. Exhaustion is not a requirement the
20 state courts can invoke or waive. It can be raised by the state attorney general when
21 challenging a federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Lundy*, 455 U.S. at
22 515-16. The cases Hand cites (MTR at 4) show this. *See, e.g., Granberry v. Greer*, 481
23 U.S. 129, 131 (1987) (duty of the state, through its attorney general, to raise and discuss
24 exhaustion). (Also, his concern that his claims might be procedurally defaulted while he
25 waits for a decision from the state court does not excuse or waive the exhaustion
26 requirement.)

27 However, I am puzzled by the state supreme court's December 26th response to the
28 petition. The petition does not appear to ask for review of an appellate decision, though

the state supreme court seems to have construed it so. Rather, it appears Hand filed it for "the sole purpose of exhausting state remedies before presenting a claim for federal habeas corpus relief." Cal. Rule of Court, rule 8.508. He titled it "Petition For Review To Exhaust State Remedies 8.508(b)(3)(A)" as required by the rule, and the filing appears to otherwise comply with requirements. (MTR at 33.)

The Court seeks clarification from respondent regarding the issue of exhaustion in this case. Accordingly, respondent shall file a response on that issue on or before March 14, 2016. Petitioner's response, if any, shall be filed within 30 days after respondent has filed his response to this order.

## CONCLUSION

Hand's motion to reopen (Dkt. Nos. 42 and 43) is GRANTED. The action is REOPENED and the stay is DISSOLVED. The Clerk is directed to modify the docket accordingly and terminate Dkt. Nos. 42 and 43.

Respondent shall file a response to this order on or before March 14, 2016. Hand's response, if any, is due thirty days later.

**IT IS SO ORDERED.**

**Dated:** January 29, 2016



WILLIAM H. ORRICK
United States District Judge

3