1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

RICKY A. HAND,

Petitioner,

Case No.  11-cv-06410-WHO (PR)

12

v.

**ORDER STAYING ACTION**

13

14

GARY SWARTHOUT,

15

Respondent.

16

17

### INTRODUCTION

18      This order addresses whether petitioner Ricky Hand has exhausted a habeas claim

19  in the state courts.  In his request to dissolve the stay, he asserted he had exhausted, but the

20  record was unclear.  The Court dissolved the stay and asked for briefing.  On the basis of

21  this briefing, the Court concludes that Hand has not exhausted his claim despite his two

22  attempts to do so.  Accordingly, the Court reinstitutes the stay and instructs Hand to

23  exhaust his judicial remedies.  The Conclusion section of this Order provides some

24  suggestions on filing the petition.

25                              ### BACKGROUND

26      This habeas action was stayed in 2014 so that Hand could exhaust a claim by

27  presenting it to the state supreme court.  After that, Hand filed a petition in the state

28  supreme court.  He titled it "Petition for Review to Exhausted State Remedies Pursuant to

Rule 8.508(b)(3)(A)" but noted that he also sought review of the state appellate court's decision. The state supreme court read the petition as one for appellate review. It consequently rejected the filing because the petition's untimeliness deprived the court of jurisdiction to review the appellate court's decision. The court directed Hand to file a petition for writ of habeas corpus and sent him a petition form. Hand completed the form and submitted it to the court, which rejected it because it was unsigned. Hand signed the petition and resubmitted it. The court again construed the petition as one for direct review, and rejected it again on grounds that the court lacked jurisdiction. In both petitions, Hand repeatedly referred to the state appellate court decision and indicated that he sought review of it.

Hand asserts that his attempts satisfied the exhaustion requirement. Respondent disagrees.

## DISCUSSION

Hand contends that he has exhausted his claim, or, in the alternative, that the exhaustion requirement should be excused because the state court has refused to entertain his petitions. Respondent contends that the petitions were properly rejected and that Hand has not exhausted his claim.

To exhaust properly, a claim must be "fairly presented" to the state supreme court. "Fairly presented" means that a petitioner complied with the state's appellate rules and used a permissible method of raising an issue in the state supreme court. *Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000). Also, exhaustion is not complete until the court in which the petition is filed issues a decision on such petition. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

The record supports respondent's contention. Despite Hand's titling his petitions as attempts to exhaust his claim for purposes of pursuing federal habeas, the body of the petitions appeared to the state supreme court that he sought review of the state appellate court decision. The state supreme court read the petitions as petitions for review, and, in accordance with its rules, rejected them as untimely. Hand therefore did not comply with

the state's appellate rules, nor did he use a permissible method of raising his claim.  His claim therefore remains unexhausted and I am unable to consider it.

## CONCLUSION

This federal habeas action is STAYED under *Rhines v. Webber*, 544 U.S. 269 (2005).  Nothing further will take place in this action until the Court decides further action is appropriate, or until Hand exhausts the unexhausted claim and, within thirty days of doing so, moves both to reopen this action and to lift the stay.

Hand must exhaust his claims before I can evaluate the merits of his petition.  As respondent suggests, Hand can exhaust by filing a petition for <u>writ of habeas corpus</u> in the state supreme court.  The following suggestions may be of value:  Hand should take care to ask only for review of his claim for purposes of federal exhaustion, and not to confuse matters by also asking the court to review the state appellate decision.  To do this, Hand should use the state court's form for petition of writ of habeas corpus (not a form for a petition for review) and omit any mention of the state appellate court opinion on the cover page.  <u>In fact, he should mention the state appellate opinion only when the form asks him to.</u>  I cannot promise success if Hand follows these instructions, but perhaps following them will improve his chances of satisfying the exhaustion requirement.  .

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

**IT IS SO ORDERED.**

**Dated:**  September 13, 2016

WILLIAM H. ORRICK
United States District Judge