UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY A. HAND,<br>    Petitioner,<br>v.<br>GARY SWARTHOUT,<br>    Respondent. | Case No. 11-cv-06410-WHO (PR)<br>**ORDER DISSOLVING STAY;**<br>**ORDER TO SHOW CAUSE**<br>Dkt. No. 54 |

## INTRODUCTION

Petitioner Ricky Hand seeks federal habeas relief from his state convictions. The petition was stayed so that Hand could exhaust his state remedies. Hand now moves to dissolve the stay, dismiss his unexhausted claim, and proceed on his exhausted claim. The motion is granted. Respondent is directed to show cause on or before **September 12, 2017** why the petition should not be granted.

## BACKGROUND

According to the petition, in 2008, in the Alameda County Superior Court, Hand pleaded nolo contendere to a charge of second degree robbery, and admitted to a prior conviction. He received a sentence of 15 years in state prison.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In his original petition, Hand alleged that (1) the trial court violated his right to due process and his plea agreement by imposing an illegal sentence; and (2) defense counsel rendered ineffective assistance.

Now, Hand moves to dismiss his ineffective assistance claim and proceed only on his claim that the trial court imposed an illegal sentence. This motion is GRANTED. Hand's ineffective assistance claim is DISMISSED without prejudice. This action shall proceed on the remaining claim. The operative petition is Dkt. No. 14.

**CONCLUSION**

Hand's motion to dissolve the stay and reopen this habeas action (Dkt. No. 54) is GRANTED. The stay is DISSOLVED and the action is REOPENED. The Clerk shall modify the docket accordingly.

The amended petition (Dkt. No. 14) is reinstated as the operative petition in this action.

Hand's motion to dismiss his ineffective assistance claim is GRANTED. That claim is DISMISSED without prejudice.

Respondent shall file an answer to, or a dispositive motion regarding, the remaining claim on or before **September 12, 2017**. Hand may file a response to the answer or motion within 30 days after the answer or motion is filed.

The Clerk shall terminate Dkt. No. 54.

**IT IS SO ORDERED.**

**Dated:** July 7, 2017



WILLIAM H. ORRICK
United States District Judge