UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY A. HAND,<br>　　　　　Petitioner,<br>　　v.<br>GARY SWARTHOUT,<br>　　　　　Respondent. | Case No. 11-cv-06410-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 63 |

## INTRODUCTION

Petitioner Ricky Hand seeks federal habeas relief from his state convictions. Respondent moves to dismiss because Hand's petition for relief was untimely. (Dkt. No. 63.) Hand has not filed an opposition to the motion, although I extended the deadline to file one at his request. (Dkt. No. 65.)

Hand's petition is untimely. His conviction was final in 2008, but he did not file his federal habeas petition until 2011, well past the one-year filing period established by the statute of limitations. He is not entitled to either statutory or equitable tolling--his first attempt at any sort of judicial review was filed in 2011 and he offers no reason for the lengthy delay. Accordingly, the motion to dismiss is GRANTED and Hand's petition is DISMISSED. (And, as I discuss below, if I were to consider the merits of Hand's claims, the petition would fail anyway.)

United States District Court
Northern District of California

# BACKGROUND

In 2008, Hand pleaded no contest in state court to second degree robbery and admitted to an allegation that he had a prior strike conviction. (Am. Pet., Dkt. No. 14 at 3.) On January 30th of that year, he was sentenced to 15 years in state prison. (*Id.* at 15.) He did not appeal. (*Id.* at 16.)

In 2011, Hand filed habeas petitions in the state superior, appellate, and supreme courts. (*Id.* at 17-18.) All were denied that same year. (*Id.*)

This federal habeas action was filed in November 2011. His basis for federal habeas relief is that the trial court violated his right to due process and his plea agreement by imposing an illegal sentence.[1] After much procedural wrangling, most of which concerned judicial exhaustion of Hand's claims,[2] respondent filed the present motion to dismiss.

# DISCUSSION

## I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, has a statute of limitations, which is codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court

---

[1] In the federal habeas petition, Dkt. No. 14, Hand raised two claims: (i) the trial court imposed an illegal sentence; and (ii) defense counsel rendered ineffective assistance. In his state petitions, he also asked the state courts to modify his sentence under Cal. Penal Code § 1170. He did not include a claim under section 1170 or one regarding the state court's denial of his section 1170 claims in the federal habeas petition.

[2] Hand was unable to exhaust one other claim, that defense counsel had rendered ineffective assistance. His motion to dismiss that claim was granted. (Order Dissolving Stay, Dkt. No. 55 at 2.)

and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. *See id.* § 2244 (d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## II. Timeliness of the Petition

Because he did not file an appeal, Hand's conviction became final on March 30, 2008, which was 60 days after he was sentenced (January 30, 2008). *See* Cal. Rules of Court, rule 8.308(a). He then had one year, until March 31, 2009, to file a timely federal habeas petition.[3] The instant federal habeas action was not filed until November 16, 2011,[4] well after the March 31, 2009 deadline. On this record, absent sufficient statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### A. Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2).

Hand is not entitled to any statutory tolling. His state petitions were filed in 2011, that is, after the limitations period expired on March 31, 2009. They therefore cannot toll the limitations clock. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

---

[3] Hand is not entitled to the 90 additional days afforded by *Bowen*. Because he did not appeal, he could not petition the United States Supreme Court to review a state supreme court decision on his direct appeal. The petition would still be untimely, however, even if he were entitled to the additional *Bowen* days.

[4] Hand is entitled to this filing date, rather than the December 19, 2011 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed it (November 16, 2011) and will use that as the filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

"Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Absent a showing that he is entitled to sufficient equitable tolling, the petition must be dismissed as untimely.

**B.  Equitable Tolling**

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Hand did not file an opposition to the motion to dismiss. He has not made any showing that he is entitled to equitable tolling. Accordingly, his petition will be dismissed.

**C.  Merits**

Even if I could consider the merits of Hand's claim, it would fail. He claims that his sentence is unconstitutional because the trial court impermissibly used a prior conviction (from 1986) to enhance his sentence. (Am. Pet., Dkt. No. 14 at 4.) He contends that he would not have pleaded guilty in 1986 if he had known that his convictions would be used to enhance a future sentence. (*Id.*) The lack of this information, he argues, renders his 1986 plea agreement unknowing and involuntary. Therefore, he asserts that the agreement is void, the convictions are invalid, and consequently his 2008 sentence is illegal and unconstitutional.

Habeas relief would not be warranted here because Hand's 1986 convictions must be regarded as conclusively valid:

4

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.

*Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-404 (2001) (citation omitted). The state courts specifically rejected Hand's challenges to the validity of his 1986 convictions. (MTD, Dkt. No. 63-1 (Superior Court's Denial of Hand's 2011 Habeas Petition) at 15.) This conclusively dooms any federal habeas claim based on the alleged invalidity of those state convictions. I would necessarily deny any such claim if I reviewed the merits of Hand's petition.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 63.) The petition is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 11, 2018

WILLIAM H. ORRICK
United States District Judge

5